```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                         JAN 22 2025

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY: _____rsm_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>BRYAN STEVE CASTRO,<br>　aka "Bryan Steven Castro,"<br>　aka "Bryan Castro,"<br><br>　　　　　Defendant. | CR No. 5:25-CR-00013-KK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

　　On or about October 25, 2024, in Riverside County, within the Central District of California, defendant BRYAN STEVE CASTRO, also known as ("aka") "Bryan Steven Castro," aka "Bryan Castro," knowingly possessed a firearm, namely, a Taurus, model PT111G2A, 9mm caliber pistol, bearing serial number 1C074658, and ammunition, namely, five rounds of MAXXTech 9mm Luger caliber ammunition and six rounds of Winchester 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant CASTRO possessed such firearm and ammunition knowing that he previously had been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Hit and Run Resulting in Death or Injury, in violation of California Vehicle Code Section 20001(a), in the Superior Court for the State of California, County of Riverside, Case Number BAF1500649, on or about March 7, 2016;

2. Driving Under the Influence of Alcohol Resulting in Bodily Injury, in violation of California Vehicle Code Section 23153(a), in the Superior Court for the State of California, County of Riverside, Case Number SWF1600932, on or about March 14, 2017;

3. Driving Under the Influence of Alcohol with Blood Alcohol Content at or above 0.08 Percent Resulting in Bodily Injury, in violation of California Vehicle Code Section 23153(b), in the Superior Court for the State of California, County of Riverside, Case Number SWF1600932, on or about March 14, 2017;

4. Driving Under the Influence of a Drug Resulting in Bodily Injury, in violation of California Vehicle Code Section 23153(f), in the Superior Court for the State of California, County of Riverside, Case Number SWF1600932, on or about March 14, 2017;

5. Hit and Run Resulting in Death or Injury, in violation of California Vehicle Code Section 20001(a), in the Superior Court for the State of California, County of Riverside, Case Number SWF1600932, on or about March 14, 2017;

6. Manufacture of a Weapon by Prisoner, in violation of California Penal Code Section 4502(b), in the Superior Court for the

1  State of California, County of Tuolumne, Case Number CRF56995, on or
2  about November 5, 2018; and
3      7.   Possession of a Controlled Substance for Sale, in violation
4  of California Health and Safety Code Section 11351, in the Superior
5  Court for the State of California, County of San Bernardino, Case
6  Number FSB22002120, on or about July 6, 2023.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. If so convicted, defendant shall forfeit to the United States of America the following:

   a. All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

4

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDRA SLOAN KELLY
Assistant United States Attorney
General Crimes Section